UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GLENN GOODWIN,<br><br>    Petitioner,<br><br>    v.<br><br>SPEARMAN, Warden,<br><br>    Respondent. | Case No.: 1:17-cv-01604-JLT (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is currently in state prison serving a sentence of four years for his conviction of battery on a person who was not an inmate. On December 4, 2017, he filed the instant habeas action challenging the conviction. As discussed below, the Court finds the claims to be without merit and DENIES the petition.

**I.    PROCEDURAL HISTORY**

The information charged Petitioner with one count of committing a battery on a nonconfined person in violation of Penal Code section 4501.5. People v. Goodwin, 2017 Cal. App. Unpub. LEXIS 1645, at *1 (Cal. Ct. App. Mar. 9, 2017). In addition, the information alleged Petitioner had two prior convictions constituting strikes within the meaning of section 667, subdivisions (b)-(i). Id. at *1-2. The jury found Petitioner guilty as charged and found true the prior conviction allegations. Id. at *3. The trial court sentenced Petitioner to a total term of four years, consisting of the mitigated term of two years doubled because of the strike prior. Id. The Fifth District Court of Appeal affirmed the

judgment. Id. at *10.

Petitioner filed the instant habeas petition on December 4, 2017. (Doc. 1.) This Court dismissed the petition on January 9, 2018 for failure to exhaust state remedies. (Doc. 6.) Petitioner appealed to the Ninth Circuit. As stated in the Ninth Circuit's order, Respondent conceded in a letter dated January 23, 2019 that Petitioner exhausted the claims raised in the petition by presenting them to the California Supreme Court. (Doc. 12 at 1.) Accordingly, the Ninth Circuit reversed and remanded the case to this Court. (Doc. 12.)

In response to an order by this Court, the Respondent filed an answer on June 27, 2019. (Doc. 22.) Petitioner filed a traverse on September 3, 2019. (Doc. 28.)

## II. FACTUAL BACKGROUND

The Court adopts the Statement of Facts in the Fifth DCA's unpublished decision[1]:

> The information charged Goodwin with one count of committing a battery on a nonconfined person in violation of Penal Code section 4501.5. In addition, the information alleged Goodwin had two prior convictions constituting strikes within the meaning of section 667, subdivisions (b)-(i).
>
> Prior to the commencement of trial, Goodwin made a motion for substitution of new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, 84 Cal. Rptr. 156, 465 P.2d 44. The trial court denied the motion. Thereafter, Goodwin made a motion to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562, which the trial court granted.
>
> Correctional officer Richard L. Billings was employed at California State Prison, Corcoran, California. He and another correctional officer were escorting Goodwin from the correctional treatment center to a housing unit on the day in question. As the group approached the housing unit, Goodwin began to resist further movement. A struggle ensued. During the struggle, Goodwin used his shoulder to hit Billings in the left biceps, knocking Billings off balance. Billings and the other officer were eventually able to gain control of Goodwin. Billings suffered minor pain in his left biceps, which did not require medical treatment.
>
> Billings further testified that prior to beginning the transport, Goodwin commented he would "'see [me] in Ad. Seg. real soon.'" After the struggle, Billings concluded Goodwin may have instigated the confrontation so he would be put in administrative segregation.

---

[1] The Fifth DCA's summary of facts in its unpublished opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Therefore, the Court will rely on the Fifth DCA's summary of the facts. Moses v. Payne, 555 F.3d 742, 746 (9th Cir. 2009).

2

> Correctional officer Vang Yang was assisting Billings in moving Goodwin from the correctional treatment center to a housing unit. Initially, Yang was walking slightly behind and to the left of Goodwin. When Goodwin started resisting, Yang ordered him to stop. Goodwin then made contact with Billings, causing Billings to stumble. Yang forced Goodwin to the ground. Goodwin continued to resist while on the ground for a short while and then calmed down.
>
> To prove the two prior conviction allegations, the prosecutor moved into evidence Goodwin's prison package created pursuant to section 969b.
>
> Goodwin did not call any witnesses in his defense. The jury found Goodwin guilty as charged and found true the prior conviction allegations. The trial court sentenced Goodwin to a total term of four years, consisting of the mitigated term of two years doubled because of the strike prior.

Goodwin, 2017 Cal. App. Unpub. LEXIS 1645, at *1-3.

### III.     DISCUSSION

####  A.     Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of the Kings County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997) (holding the AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

####  B.     Legal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the petitioner can show that the state court's adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that "was based on an

3

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 412-413.

A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-406).

In Harrington v. Richter, 562 U.S. 86, 101 (2011), the U.S. Supreme Court explained that an "unreasonable application" of federal law is an objective test that turns on "whether it is possible that fairminded jurists could disagree" that the state court decision meets the standards set forth in the AEDPA. The Supreme Court has "said time and again that 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Cullen v. Pinholster, 563 U.S. 170, 203 (2011). Thus, a state prisoner seeking a writ of habeas corpus from a federal court "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Harrington, 562 U.S. at 103.

The second prong pertains to state court decisions based on factual findings. Davis v. Woodford, 384 F.3d 628, 637 (9th Cir. 2003) (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Wiggins v. Smith, 539 U.S. 510, 520 (2003); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997). A state court's factual finding is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Jeffries, 114 F.3d at 1500; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), *cert.denied*, Maddox v. Taylor, 543 U.S. 1038 (2004).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[A]lthough we

independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 119-120 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness).

C. Review of Petition

Petitioner raises the following claims for relief in the instant petition: (1) the trial court erred when it refused his request to testify in his defense; and (2) the trial court denied him counsel at the sentencing hearing.

1. Right to Testify

Petitioner alleges that the trial court erred when it refused his request to testify in his defense. In the last reasoned decision, the Fifth DCA denied the claim as follows:

> The prosecution concluded its case when it introduced the prison packet prepared pursuant to section 969b. The trial court then asked Goodwin if he had any witnesses he would like to present. Goodwin responded he did not. The trial court immediately inquired again if Goodwin had any witnesses. Goodwin again confirmed that he did not. The trial court informed the jury it had heard all the evidence in the case and took a break to finalize jury instructions.
>
> When reviewing the proposed jury instruction with the parties, the trial court asked Goodwin if he wanted the jury instructed with CALCRIM No. 355 since he did not testify in his defense. Goodwin responded, "Your Honor, I'm willing to testify." The trial court stated the case was over, and returned to the jury instructions.
>
> At the sentencing hearing, Goodwin reiterated he wanted to testify in his defense. In response to the trial court's reference to the fact Goodwin stated he did not have any witnesses to call, Goodwin explained he did not know he was a witness.
>
> The United States Constitution provides a defendant in a criminal case with the right to testify in his defense. (*People v. Robles* (1970) 2 Cal.3d 205, 214-215, 85 Cal. Rptr. 166, 466 P.2d 710.) The right to testify is not without limitation. The defendant must unequivocally request to testify, and he or she must do so in a timely manner. (*People v. Alcala* (1992) 4 Cal.4th 742, 805-806, 15 Cal. Rptr. 2d 432, 842 P.2d 1192; *People v. Hayes* (1991) 229 Cal.App.3d 1226, 1231, 280 Cal. Rptr. 578.) The

failure to inform the trial court unequivocally of the desire to testify results in a waiver of the right. (*Ibid.*)

Another principle is implicated when the defendant fails to make a timely request. A request to testify after completion of the presentation of evidence will result in a disruption in the order of the proceedings set forth in section 1093. The trial court has discretion to permit a departure from the order of proceedings, but only if good reason to do so exists. (§ 1094.) We review the trial court's ruling on a motion to reopen evidence for an abuse of discretion. (*People v. Marshall* (1996) 13 Cal.4th 799, 836, 55 Cal. Rptr. 2d 347, 919 P.2d 1280.) A trial court abuses its discretion when it acts in an arbitrary, capricious, or patently absurd manner that results in a miscarriage of justice. (*People v. Peoples* (2016) 62 Cal.4th 718, 745, 198 Cal. Rptr. 3d 365, 365 P.3d 230.)

The parties agree on the applicable law, but disagree on its application. The Attorney General contends Goodwin waived his right to testify by stating he had no witnesses to present in his defense, and the trial court did not abuse its discretion when it refused to reopen the evidence to permit Goodwin to testify.

Goodwin, on the other hand, argues he clearly and unequivocally asserted his right to testify. The record, cited above, belies this argument. Goodwin was asked twice if he had any witnesses to present. Both times Goodwin stated he did not. Clearly, the trial court provided Goodwin with the opportunity to testify, and Goodwin refused.

Goodwin focuses on the colloquy that occurred during the jury instruction conference. Relying on his purported ignorance that he was considered a witness, Goodwin argues that when he stated he was willing to testify at the jury instruction conference, he unequivocally asserted his right to testify.

We disagree with Goodwin's analysis. Goodwin demonstrated his willingness to inform the trial court of his desires or to ask questions throughout the trial. When the trial court inquired, Goodwin twice stated he had no witnesses to testify in his defense. He also failed to object or bring the matter to the attention of the trial court when it informed the jury it had heard all of the evidence in the case. If Goodwin did not understand he would be a witness if he testified, one would expect an immediate objection or comment to the trial court when it informed the jury that the presentation of evidence was complete. Instead, Goodwin did not make any comment about testifying until the jury instruction conference. These facts suggest Goodwin had decided he was not going to testify, but changed his mind during the instruction conference.

In any event, Goodwin's request to testify was untimely, and the issue is whether the trial court abused its discretion when it refused to reopen evidence. Goodwin argues, in essence, that since his request was made shortly after the close of evidence, and before the jury was instructed, the trial court abused its discretion when it refused his request. We conclude the trial court did not abuse its discretion.

First, we observe Goodwin failed to present any argument to justify his tardy request at the jury instruction conference. Section 1094 permits a departure from the order of proceedings only for good cause. Since Goodwin failed to establish good cause during the jury instruction conference, he failed to comply with the statutory requirements.

Second, Goodwin conceded during trial the confrontation with the correctional officers occurred. It appears the defense he was attempting to convey to the jury was that the correctional officers were taking him to the wrong housing unit, which would place his life in danger. The strength of this argument is diminished by two factors. First, Goodwin's comment before he was being transported ("'I'll see you in Ad. Seg. real soon'") suggested Goodwin planned on committing an act resulting in his being placed in administrative segregation. It is logical to infer that when Goodwin struggled with the correctional officers, his intent was to end up in administrative segregation. Therefore, his purported justification was inconsistent with his prior statement.

In addition, the fact Goodwin may have felt he was being placed in a dangerous situation did not justify his acts of resistance. His testimony would not have provided a defense to the battery he committed. (*People v. Mayes* (1968) 262 Cal.App.2d 195, 197-198, 68 Cal. Rptr. 476 [only legal justification for battery is self-defense].) Instead, it would have resulted in consumption of court resources over an issue with little relevance since it is likely Goodwin's testimony would have required the prosecution to call rebuttal witnesses.

For these reasons, it is clear the trial court did not abuse its discretion when it denied Goodwin's suggestion that he would testify in his defense after the close of the evidence. Since no error occurred, we reject Goodwin's arguments that he suffered prejudice as a result of his inability to testify. We note, however, the many cases cited by Goodwin generally involved a situation where a defendant was not permitted to testify. We repeat, here Goodwin waived his right to testify, and then attempted to reopen evidence to present additional evidence.

Goodwin, 2017 Cal. App. Unpub. LEXIS 1645, at *3-9.

    a.    *<u>Legal Standard</u>*

A defendant's right to testify on his own behalf at a criminal trial arises from several provisions of the Constitution, including the Fourteenth Amendment due process right to an opportunity to be heard in his defense, the Sixth Amendment right to call "witnesses," and the Fifth Amendment right to be compelled to incriminate himself. <u>Rock v. Arkansas</u>, 483 U.S. 44, 51-52 (1987); <u>United States v. Pino-Noriega</u>, 189 F.3d 1089, 1094 (9th Cir.1999). This right is personal and only the defendant may waive it. <u>United States v. Joelson</u>, 7 F.3d 174, 177 (9th Cir.1993).

7

b. *Analysis*

The essence of Petitioner's claim is that the trial court abused its discretion under state law when it refused to reopen the trial proceedings in order to allow Petitioner to testify. It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings). The state court determined that the trial court provided Petitioner with the opportunity to testify and the Petitioner refused, and concluded that the trial court did not abuse its discretion when it refused to reopen evidence. Since the state court determined that the trial court did not abuse its discretion in refusing to reopen evidence, Petitioner's challenge does not give rise to a federal question cognizable on federal habeas review. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"). Thus, the claim is not cognizable on federal habeas and should be rejected.

Even if the Court finds the claim cognizable, it is without merit. The record provides a sufficient basis for the trial court's determination that Petitioner had the opportunity to testify and the Petitioner refused. As the Fifth DCA found, Petitioner was asked twice if he had any witnesses to present, and both times Petitioner stated he did not. Petitioner also failed to object or comment when the trial court informed the jury that it had heard all of the evidence in the case. As the Fifth DCA comprehensively explained, Petitioner's request to testify was untimely, and the trial court did not abuse its discretion when it refused to reopen evidence and denied Petitioner's suggestion that he would testify in his defense after the close of the evidence. The Fifth DCA concluded that no error occurred, and accordingly, Petitioner did not suffer prejudice as a result of his inability to testify. The state court's adjudication of this issue was objectively reasonable. Therefore, the claim should be denied.

2. Counsel at the Sentencing Hearing

Petitioner argues that the trial court denied him counsel at the sentencing hearing. In the last

reasoned decision, the Fifth DCA denied the claim as follows:

> Goodwin next argues he was deprived of counsel at the sentencing hearing. Goodwin argues the trial court should have asked him at the sentencing hearing if he wished to continue to represent himself. Goodwin fails to identify any evidence in the record supporting the claim that he asked for representation at the sentencing hearing. Instead, he asserts the trial court's comments discouraged him from asking for an attorney.
>
> After reviewing the entire record, we find no merit to this argument. Goodwin did not ask for counsel to be appointed, nor did he indicate he might want counsel to be appointed to represent him at the hearing. The portion of the transcript cited by Goodwin referred to the trial. Not once during this discussion did Goodwin give any indication he wanted counsel to represent him. Nor did the trial court refuse to appoint counsel for Goodwin at any time during these proceedings. Instead, Goodwin complained about events at the trial that were largely the result of his decision to represent himself.
>
> We reject Goodwin's argument because he did not request an attorney be appointed to represent him at the sentencing hearing. Consequently, the trial court did not consider the issue.

Goodwin, 2017 Cal. App. Unpub. LEXIS 1645, at *9-10.

    a.    *Legal Standard and Analysis*

In John-Charles v. California, 646 F.3d 1243, 1245-46 (9th Cir. 2011), the Ninth Circuit considered whether a petitioner's right to counsel was violated when a California state trial court denied the petitioner's request to re-appoint trial counsel when he changed his mind about representing himself because "he was bewildered by the jury selection process and motions arguments." The Ninth Circuit ultimately rejected the petitioner's claim that he was constitutionally entitled to the reappointment of counsel, finding that the Supreme Court has not "directly address[ed] whether and under what conditions a defendant who validly waives his right to counsel has a Sixth Amendment right to reassert it later in the same stage of his criminal trial." Id. at 1248-49.

In Marshall v. Rodgers, 569 U.S. 58, 61-65 (2013), the Supreme Court confirmed the Ninth Circuit's conclusion in John-Charles that it is an open question whether a defendant has a constitutional right to have counsel reappointed following a valid Faretta waiver. In Rodgers, the Court noted the "tension" between the Sixth Amendment's guarantee of representation and the "concurrent" constitutional right to waive representation. Id. at 62-63. The Court held that the

9

approach of California courts—which vest the trial judge with discretion when considering post-waiver request for reappointment of counsel to either grant or deny them based on a totality of the circumstances—"cannot be said" to be contrary to or an unreasonable application of Supreme Court precedent. Id.

In this case, the Fifth DCA concluded that the trial court did not even consider the issue of whether to grant or deny a subsequent request to appoint counsel because Petitioner did not ask for counsel to be appointed, nor did he indicate he might want counsel to be appointed to represent him at the sentencing hearing. Because Petitioner gave no indication that he wanted counsel to represent him, the trial court did not refuse to appoint counsel for Petitioner at any time during the proceedings. The Fifth DCA accordingly found, after reviewing the entire record, that Petitioner's argument had no merit. Moreover, it is well-established that a state court's decision adjudicating an issue cannot be contrary to, or an unreasonable application of, Supreme Court precedent if the Supreme Court has not yet decided the issue. See Wright v. Van Patten, 552 U.S. 120, 125-26 (2008); Carey v. Musladin, 549 U.S. 70, 77 (2006); see also Crater v. Galaza, 491 F.3d 1119, 1123 (9th Cir. 2007). Because the state courts' adjudication of this claim does not unreasonably apply or contravene federal law, Petitioner is not entitled to relief on this claim.

## IV. CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

## V.     ORDER

Accordingly, the Court ORDERS:

1. The petition for writ of habeas corpus is DENIED with prejudice;
2. The Clerk of Court is DIRECTED to enter judgment and close the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **October 8, 2019**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE